LILLIAN L. WRIGHT

*vs.*

PHILIP J. CARPENTER

*New Castle, July* 24, 1935.

*Ivan Culbertson,* and *Isaac C. Sutton,* of the firm of Sutton & Faught, of Philadelphia, Pa., for complainant.

*Ayres J. Stockly,* of the firm of Hastings, Stockly & Duffy, (*Harry W. Lunger,* on the brief), for defendant.

THE CHANCELLOR: The bill alleges that the defendant was the complainant's agent to receive from her certain stocks and bonds, sell the same, invest and reinvest the proceeds and account to her not only for the principal sums received but as well for all profits realized therefrom in the course of the agency. In addition to the stocks and bonds alleged to have been delivered by the complainant to the defendant for the purpose aforesaid, the complainant alleges that six thousand dollars in cash was entrusted to the defendant for a like purpose. The complainant does not claim that her transactions were with the defendant directly. Her contention is that the delivery of her securities and cash was to one George Saunders who with his brother, John, were the defendant's agents. The evidence shows that the securities and the cash which came into the defendant's hands personally were properly accounted for by him. There was an embezzlement of some of her securities and cash by Saunders. There is no contention that the defendant is in any wise chargeable with personal guilt or participation in Saunders' misdeeds. The theory under which the complainant seeks to hold the defendant accountable for her losses is that Saunders was the defendant's agent in the transmission of her securities and cash and that

the defendant is therefore responsible for any embezzlements of which his alleged agent may have been guilty.

The defendant denies that he ever undertook to act as the manager of the complainant's financial affairs. He repudiates every suggestion that he assumed to invest and reinvest the complainant's funds. He admits that he effected the purchase and sale of some securities for the complainant's account, and says what the complainant admits, viz., that each transaction, so far as he personally is concerned, was faithfully carried through as per the instructions to him and fully accounted for. The complainant does not contend to the contrary.

The controversy hinges entirely upon the status of Saunders and his legal relation to the transactions which the defendant executed for the complainant's account. Saunders received from the complainant securities in marketable form to be sold for the complainant and cash to be invested for her. A portion of that which got into his hands, he embezzled. The question which the case presents is this—whose agent was Saunders, the embezzler; the complainant's or the defendant's? If he was the agent of the complainant, as the defendant asserts, then it follows of course that the defendant is under no liability whatever to the complainant.

On this vital question in the case, much testimony was taken. There is no occasion to review it. It is a pure question of fact. One line of testimony was introduced by the defendant as bearing on that question to which the complainant objected very strenuously. It was admitted however. The solicitors for the complainant were informed by the court that they might, if they chose, renew their objection to the admission of that line of testimony on their written brief. They have done so. I am of the opinion, however, that the testimony was properly admitted. The testimony bore on the intimacy of the personal relations which existed between the complainant and Saunders. According to the evidence produced by the defendant, those

relations were such as to involve an engagement of marriage between the complainant and Saunders. The evidence went into some details of intimacy in other respects which, if true, show that Saunders had ingratiated himself very much in the favor of the complainant. Now when the question is whether Saunders in the handling of the complainant's property was acting in her behalf or in behalf of the defendant, who had known him for only a little while, it appears to me to be as clear as anything can be, that the personal relations of close intimacy between Saunders and the complainant is a subject of very relevant inquiry. Suppose Saunders and the complainant were man and wife. Could it be successfully contended that such fact would be immaterial to the question of whom Saunders was acting for? The solicitors for the complainant entirely misconceive the theory on which the testimony was admitted when they argue the question as though it were one involving the principle of clean hands. Of course it is never permissible, as the solicitors for the complainant quite correctly state, to show that a complainant has been guilty of immoral conduct in particulars which in no wise relate to the transaction in connection with which relief is sought. But that proposition is not involved here. The proposition here is whether evidence which is logically relevant to an issue should be rejected simply because it possesses the incidental feature of reflecting on the moral behavior of a party. Of course such evidence should not be rejected. Relevancy is the test.

There was one other question of evidence which the solicitors for the complainant reserved for argument on their brief. A witness for the defendant testified without objection that he had heard one of the solicitors for the complainant tell the complainant that the facts she had presented to him did not show that Saunders was the defendant's agent. The complainant sought to contradict the witness who so testified by showing that no such statement was made by the solicitor for the complainant. The testimony was rejected and properly so. Whether the solicitor

for the complainant had expressed such an opinion to her was entirely immaterial. Being immaterial, refuting evidence was not admissible.

Whose agent was Saunders? As before stated, that is the crucial question. If I were to undertake an examination and review of the evidence bearing upon it, it would involve a length of discussion which, in my mind, there is too little of serious debate to justify. There are other reasons which I need not explain but which I doubt not are obvious to the solicitors, which prompt me to be content with the mere announcement of my conclusion. That conclusion is that Saunders acted in all respects as the agent of the complainant, and in no particular as the agent of the defendant. The loss which his embezzlement occasioned must fall on the complainant who was his principal.

The bill will therefore be dismissed, costs on the complainant.